**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                            :
TONY LEE JONES, Jr.,        :
                            :    **Civ. No. 18-13252 (RMB)**
          Petitioner        :
                            :
     v.                     :    **OPINION**
                            :
DAVID ORTIZ, Warden,        :
                            :
          Respondent        :
_____ :

**BUMB, United States District Judge**

This matter comes before the Court upon Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 (Pet., ECF No. 1); Petitioner's motion for summary judgment (Mot. for Summ. J., ECF No. 12); Respondent's motion to dismiss (Mot. to Dismiss, ECF No. 13); and Petitioner's reply brief (Petr's Reply, ECF No. 14.) For the reasons set forth below, Respondent's motion to dismiss for lack of jurisdiction is granted and Petitioner's motion for summary judgment is denied.

I.  BACKGROUND

On January 8, 2013, a grand jury charged Petitioner in a one-count indictment with possession with the intent to distribute 28 grams or more of a mixture and substance containing a detectable amount of cocaine base. United States v. Jones, No. 3:13-cr-00013-

REP-DJN (E.D. Va.) (Indictment, ECF No. 1.)[1] On May 6, 2013, Petitioner pled guilty to the indictment. (Id., Plea Agreement, ECF No. 27.) At sentencing on August 1, 2013, the parties agreed with the recommendations in Petitioner's Presentence Investigation Report ("PSR"), and Petitioner raised no objections. (Id., Sentencing Tr., ECF No. 45 at 3-5.) The sentencing court adopted the PSR in its entirety. (Id.)

On July 29, 2014, Petitioner filed a § 2255 motion to vacate, set aside, or correct his sentence in the sentencing court. (Id., Mot. to Vacate, ECF No. 41; Mem. of Law, ECF No. 42.) In his § 2255 motion, he raised the following issues: (1) the Indictment did not recite the drug quantity actually found by the lab; and (2) "the Court erred in finding that the Virginia Statute 18.2-248 qualified as a predicate offense for the 4b1.1 plain language for the career offender application under 4b1.2"; (3) the Court erred in applying two points for a firearm; (4) the Government failed to present competent evidence to justify a two level enhancement; (5) counsel was ineffective at critical stages of the criminal proceeding; (6) counsel was ineffective on numerous occasions for failing to know procedures and rules; (7) counsel's failure to prepare forced Petitioner to plead guilty; (8) counsel failed to inform Petitioner of more favorable plea offer; (9) the

---
[1] Available at www.pacer.gov.

conviction was based on a Fourth Amendment violation. (United States v. Jones, No. 3:13-cr-00013-REP-DJN (E.D. Va.) (Mem. of Law, ECF No. 42.) Petitioner supplemented his motion to rely on Molina-Martinez, 136 S. Ct. 1338 (2016), in arguing that constructive amendment to the original indictment violated his substantial rights. (Id., Mot. to Supplement/Amend, ECF No. 54.) On November 29, 2016, the sentencing court denied the amended § 2255 motion. (Id., Memorandum Opinion, ECF No. 62.)

On June 5, 2018, Petitioner filed a motion for authorization to file a successive application for post-conviction relief, arguing that based on an intervening change in law his prior convictions under Virginia Code 18.2-248 no longer qualified him as a career offender under U.S.S.G. § 4B1.2 because his 1997, 2003 and 2004 sentences resulted in him serving less than a one-year prison term. In re Tony Jones Jr., Case No. 18-242 (4th Cir.) (ECF No. 2 at 3-4).[2] His application was denied on June 26, 2018. (Id., ECF No. 5.)

II. DISCUSSION

    A. The Petition and Petitioner's Motion for Summary Judgment

Petitioner filed a memorandum of law in support of his petition for writ of habeas corpus under 28 U.S.C. § 2241. (Petr's

---

[2] Available at www.pacer.gov.

Mem., ECF No. 1-2.) Petitioner raised the following issues in his memorandum:

> [1] whether [P]etitioner's prior convictions for purpose of the Career Offender Designation qualifies as predicates for purpose of § 4B1.2(b);
>
> 2) whether the district court erred in its methodology in attributing a quantity amount which was not a controlled substance to permissibly increase the minimum punishment in which petitioner was legally exposed, thus constituting for statutory purpose, [P]etitioner's claim of actual innocence of the conduct in which the statute charged[;]
>
> 3) whether counsel[']s failure to challenge the constitutionality of the proceeding, render ineffective assistance of counsel, in light of the waiver not prohibiting the petitioner a challenge to the constitutionality of the conduct as charged by statute[;]
>
> [4] whether the parties overlooked the non-frivolous aspect of a[n] appeal based upon the cognizable errors occurring in light of counsel[']s failure to object and argue the failure to apply a categorical approach to petitioner's concerns over the prior state convictions being used to designate petitioner as a career offender.

(Petr's Mem., ECF No. 1-2 at 2.)

> Petitioner invokes the following cases in support of his argument whereas these claims were previously unavailable to petitioner, and as a procedural matter invoke petitioner's subsequent claims of actual innocence: SEE FOR SIMILAR VIEWS: CLASS v. UNITED STATES, 2018 U.S. Lexis 1378, NO. 16-424 (2018),[3] ROSALES-

---

[3] In Class v. United States, the Supreme Court held that a guilty plea, by itself, does not bar a defendant from challenging the

4

MIRELES v. UNITED STATES, No. 16-9493, 2018 (U.S. 2018)[4].

Petitioner asserts that to meet the jurisdictional requirements under § 2241, he must show his actual innocence of the sentencing enhancement and the drug quantity. (Id. at 3, citing McQuiggin v. Perkins, 569 U.S. 383 (2013))[5]. He further contends that where the sentencing court misapplied a provision of law, there is a fundamental defect that results in a fundamental miscarriage of justice, entitling him to proceed under the saving clause of § 2255(e). (Petr's Mem., ECF No. 1-2 at 3, citing Calderon v. Thompson, 523 U.S. 538 (1998)[6]; McQuiggen, 569 U.S. 383.))

In support of his argument that he is no longer a career offender because his prior convictions do not qualify as drug offenses pursuant to § 4B1.2(b), he asserts that Virginia Code

---

constitutionality of the statute of conviction on direct appeal. 138 S. Ct. 798, 803 (2018)

[4] In Rosales-Mireles v. United States, the Supreme Court held that when a defendant is sentenced under the incorrect Guidelines range, relief is ordinarily warranted under Federal Rule of Criminal Procedure 52(b). 138 S. Ct. 1897, 1907 (2018).

[5] Under McQuiggins, a plea of actual innocence can overcome a statute of limitations bar on a habeas petition, but actual innocence is not recognized as a substantive habeas claim. 569 U.S. at 392, 398.

[6] Pursuant to Calderon, procedural default of a habeas claim may be avoided by a showing of a miscarriage of justice, a narrow exception that requires a showing of actual innocence. 523 U.S. at 559-60.

18.2-248 has alternative elements to the guidelines definition of drug offenses and is therefore categorically broader, and may not be used to enhance his sentence. (Id. at 4-5.) Petitioner asserts that a motion under § 2255 provides an inadequate remedy because Fourth Circuit law foreclosed this argument at the time Petitioner brought his § 2255 motion.[7] (Id. at 6.) Petitioner further relies on the Supreme Court's decision in Mathis for his contention that the prior convictions do not qualify him as a career offender. (Id. at 9.)

On April 4, 2019, Petitioner filed a motion for summary judgment based on Respondent's failure to timely file an answer to the petition. (Mot. for Summ. J., ECF No. 12.) The Court, however, had granted Respondent's request for an extension of time to file a motion to dismiss in lieu of an answer. (Order, ECF No. 9.) Therefore, Petitioner is not entitled to summary judgment based on Respondent's alleged untimely answer.

B.  Respondent's Motion to Dismiss

Respondent contends that Petitioner has not met the very high bar to invoke the saving clause of § 2255(e) to obtain § 2241

---

[7] Petitioner has not identified a case that prohibited his sentencing court from applying the categorical approach to determine whether Virginia Code 18.2-248 is a controlled substance offense under U.S.S.G. § 4B1.2(b). In 2012, the Fourth Circuit held that the modified categorical approach applies only to those statutory offenses in which the statute itself is divisible, consistent with the Supreme Court's 2016 decision in Mathis. United States v. Gomez, 690 F.3d 194, 200 (4th Cir. 2012).

6

relief. (Brief in Supp. of Respt's Mot. to Dismiss ("Respt's Brief"), ECF No. 13-1 at 9.) Further, the Third Circuit has never authoritatively decided whether the saving clause permits any challenges to an inmate's sentence. (Respt's Brief, ECF No. 13-1 at 12.)

Respondent argues that Petitioner cannot raise the same claims he brought in his prior § 2255 motion. (Id.) Additionally, there is no change in law that would affect his designation as a career offender. (Id. at 16.) The sentencing court explained that the Virginia statute under which Petitioner was convicted tracks the language of the Sentencing Guidelines for a controlled substance offense. (U.S. v. Jones, No. 13-cr-00013 (E.D. Va.) (ECF No. 62 at 8-9.)

### C. Petitioner's Reply Brief

Petitioner stands by his original § 2241 petition. (Petr's Reply, ECF No. 14 at 1.) He contends this Court has jurisdiction over his claims because he is being held in custody in violation of the United States Constitution and laws and treaties of the United States. (Id. at 2.)

### D. Analysis

#### 1. The § 2255(e) Saving Clause

Petitioner misunderstands what is required to raise a claim under § 2241 through the saving clause of § 2255(e). Understanding the interplay between § 2241 and § 2255 begins with the enactment

7

of § 2255 in 1948. Congress enacted 28 U.S.C. § 2255 to replace traditional habeas corpus under § 2241 for federal prisoners, for the purpose of allowing prisoners to file motions seeking collateral review of their sentences in the sentencing court rather than in the district of confinement. Bruce v. Warden Lewisburg, 868 F.3d 170, 178 (3d Cir. 2017). A federal prisoner must seek collateral review of his conviction or sentence under § 2255, unless the prisoner can establish that the saving clause of § 2255(e) is applicable. Id. The saving clause applies when the remedy by motion under § 2255 is inadequate or ineffective to test the legality of a prisoner's sentence. Id. (citing § 2255(e)).

In 1996, Congress added significant gatekeeping provisions to 2255, restricting second or successive § 2255 motions solely to instances of "newly discovered evidence" or "a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Id. at 179 (quoting § 2255(h)). Congress did not address how a prisoner could raise on collateral review a claim that the federal criminal statute under which he was convicted has since been interpreted more narrowly. Id. Thus, the Third Circuit determined that "in the unusual situation where an intervening change in statutory interpretation runs the risk that an individual was convicted of conduct that is not a crime, and that change in the law applies retroactively in cases on collateral review, he may seek another

round of post-conviction review under § 2241." <u>Bruce</u>, 868 F.3d at 179 (quoting <u>In re Dorsainvil</u>, 119 F.3d at 251.)

To proceed under 2241, two conditions must be met: (1) a prisoner must assert a claim of actual innocence because he is detained for conduct subsequently rendered non-criminal by an intervening Supreme Court precedent that, as found by the Third Circuit, applies retroactively in cases on collateral review; and (2) the prisoner must be barred from challenging the legality of his conviction under § 2255; in other words, the prisoner "'had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate.'" <u>Cordaro v. United States</u>, --- F.3d---, 2019 WL 3542904, at *5 (3d Cir. Aug. 5, 2019) (quoting <u>In re Dorsainvil</u>, 119 F.3d at 252.) The Supreme Court has yet to decide whether a prisoner can bring a freestanding claim of actual innocence in a habeas petition. <u>Id.</u> at *6 (citing <u>Bruce</u>, 868 F.3d at 183). Moreover, the Third Circuit Court of Appeals has not yet decided that it is appropriate to bring a claim under § 2241 that one is "innocent" of career offender status. <u>United States v. Rutherford</u>, 757 F. App'x 83, 85 (3d Cir. 2018) (per curiam).

    2. <u>Whether Petitioner's Claims Fall Within the Saving Clause of § 2255(e)</u>

        a. <u>Claim One</u>

Petitioner's first habeas claim is that his prior convictions no longer qualify him for the career offender designation under U.S.S.G. § 4B1.2(b). The Third Circuit has not yet recognized that such a claim may proceed through the saving clause under § 2255(e). In order to do so, a prisoner would be required to show that (1) his career offender status was subsequently rendered inapplicable by an intervening Supreme Court precedent that, as found by the Third Circuit, applies retroactively in cases on collateral review; and (2) that the prisoner is barred from challenging the legality of his sentence under § 2255.

Petitioner has not cited a Supreme Court case, retroactively applicable on collateral review as determined by the Third Circuit, that would render the career offender designation inapplicable to him because his prior offenses no longer qualify as "controlled substance offense" under U.S.S.G. § 4B1.2(b). Mathis is not directly on point, and although it supports Petitioner's contention that the sentencing court was required to apply the categorical approach to determine whether he qualified as a career offender, this was not an intervening change in law, as it only reiterated when the categorical approach applies. In fact, Petitioner relied on Descamps v. United States, for the same proposition in his first § 2255 motion. 570 U.S. 254, 263-65 (2013). United States v. Jones, No. 3:13-cr-00013-REP-DJN (E.D. Va.) (Mem. of Law, ECF No. 42 at 7.) This legal theory was available

10

to Petitioner when he filed his § 2255 motion. Thus, his claim does not fit under the saving clause in § 2255(e).

### b. Petitioner's remaining claims

Petitioner's remaining claims challenge the drug quantity amount attributed to his offense and various claims of ineffective assistance of counsel, all of which Petitioner either raised or could have raised in his § 2255 motion in the sentencing court. United States v. Jones, No. 3:13-cr-00013-REP-DJN (E.D. Va.) (Mem. of Law, ECF No. 42; Mot. to Supplement/Amend, ECF No. 54.) "[A] previous denial of § 2255 relief does not render § 2255 inadequate or ineffective." Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002). A petitioner is required to bring all available claims in a timely § 2255 motion and cannot resort to § 2241 if he fails to do so. Boatwright v. Warden Fairton FCI, 742 F. App'x 701, 703-04 (3d Cir. 2018) (per curiam).

## III. CONCLUSION

For the reasons discussed above, the Court lacks jurisdiction over Petitioner's petition for writ of habeas corpus under § 2241, and Respondent's motion to dismiss is granted.

An appropriate Order follows.

Date:   August 16, 2019

s/Renée Marie Bumb<br>
**RENÉE MARIE BUMB**<br>
**UNITED STATES DISTRICT JUDGE**